**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

| | |
|---|---|
| **RICHARD CLARK** | ) |
| **40379-044** | ) |
| | )**CIVIL ACTION NO.**_____ |
| **PLAINTIFF,** | ) |
| | ) |
| | ) |
| **V.** | ) |
| | ) |
| | ) |
| **UNITED STATES OF AMERICA** | ) |
| **AND PATRICIA DYSON, INDIVIDUALLY** | ) |
| **AND IN HER OFFICIAL CAPACITY** | ) |
| | ) |
| **DEFENDANT** | ) |

---

## COMPLAINT

---

Comes the Plaintiff, Richard Clark by and through his attorney, Sheila F. Campbell, and for his Complaint, states:

1. This action is brought pursuant to the Federal Tort Claims Act, and in violation of the Plaintiff's 8th Amendment rights to be free from cruel and unusual punishment.

2. On September 26, 2017, the Plaintiff was in the custody U.S. Department of Justice Federal Bureau of Prisons.

3. On or about November 7, 2019, the Plaintiff submitted a Federal Tort Claim to the Department of Justice Federal Bureau of Prisons.

4.  That on February 10, 2020, the U.S. Department of Justice Federal Bureau of Prisons denied the Plaintiff's claim for medical negligence. (Exhibit "1" Denial of Federal Tort Claim)

5.  Six months having elapsed, and all conditions precedent to a Federal Fort Claims Act have been met.

6.  That Plaintiff has exhausted all of his remedies under the Prison Litigation Reform Act, 42 U.S.C. §1997e, attached hereto as Exhibit "2".

7.  Venue is proper within this District under 28 U.S.C. §1402(b) as the acts complained of occurred in the Western District of Tennessee, Memphis, Tennessee.

8.  Venue is proper within this District under 28 U.S.C§1402(b) as the acts complained of occurred in the Western District of Tennessee, Memphis, Tennessee.

## PARTIES

9.  That Plaintiff, Richard Clark was an inmate at the Federal Correction Institute in Memphis, Tennessee at all-time pertinent to this cause of action.

10.  The United States Bureau of Prisons is an agency of the United States of America.

11.  The United States of America is the appropriate defendant under the Federal Tort Claims Act.

12.  That Defendant, Patricia Tyson, at all times pertinent to this cause of action was an officer and agent of the U.S. Department of Justice Federal Bureau of Prisons and was acting under color of federal law.

## FACTS

13.  That on September 26, 2017, Plaintiff was working the facility's H.V.A.C., installing an air conditioning cover with a drill and the drill slipped off the screw and went through the hand gloves being worn by the Plaintiff injuring the Plaintiff's right hand.

14.     That the Defendant, Patricia Tyson failed to proper the Plaintiff with the proper gloves to protect his hand from injury.

15.     After the drill went through the Plaintiff's hand, he was sent to medical and a Band-Aid was placed on his hand by Tori Holmes and sent away.

16.     On September 27, 2017, the Plaintiff was called back to medical by Dr. Prince and set to an outside hospital where he spent six (6) days under treatment for his left hand repair.

17.     The Plaintiff had lacerations to her left hand and webbing between his thumb and 1st finger.


## CAUSES OF ACTION


18.     That the Defendant, the United States of America, through its agents, servants and employees are guilty of one or more of the following acts of negligence, each and every such act being a direct and proximate cause of the Plaintiff's injuries and pain and suffering and nerve damage to his left hand:

a.   Negligently a carelessly deviating from the standard of care required and expected by the Defendant in failing to diagnosis and treat the Plaintiff' wound in a timely manner.

b.   Carelessly deviating from the standard of care in failing to timely and properly treat the Plaintiff for symptoms related to the laceration of the Plaintiff's hand and sending him back to his barracks without adequate treatment and in pain.

19.   That the Defendant, specifically alleges that the Defendant, the United States of America, through its agents, servants, and employees acting with the scope of their employment was negligent in the medical care and attention rendered to the Plaintiff in failing recognize the

severity of the wound; failing to timely treat and refer Plaintiff for appropriate treatment; and these omissions were a failure to exercise the degree of care, skill and diligence used by medical providers in this community and/or similar community under the circumstance presented to them at the time and was the proximate cause of the Plaintiff's injuries and pain and suffering.

20.   Plaintiff has contemporaneously filed the Affidavit of Sheila F. Campbell (Exh "3") with the attached Certificate of Good Faith filed contemporaneously with this Complaint.

21.   That the Defendant, Patricia Tyson, was an officer, acting under color of law, of the Federal Bureau of Prison (BOP) and the Plaintiff's supervisor that forced the Plaintiff to work in an unsafe condition and deliberately indifferent to the risk of harm that could be caused to the Plaintiff's limbs by failing to provide the proper gloves for him to work for use to drill to repair the HVAC unit.

22.   That the Defendant, Patricia Tyson, an officer, acting under color of law, of the Federal Bureau of Prison (BOP) acted intentionally, knowingly and recklessly in violations of the Plaintiff's rights to be free from cruel and unusual punishment when she forced the Plaintiff to work in a dangerous situation with a piece of equipment that could severe his limbs without being properly gloved.

23.   That Defendant's Patricia Tyson, conduct in intentionally, knowingly and recklessly violated the Plaintiff's clearly established constitutional rights under the Eighth Amendment.

## DAMAGES

**WHEREFORE**, Plaintiff, Richard Clark respectfully requests:

A.  Compensatory damages as to all Defendants;

B.   Punitive Damages to all defendant.

C.   Injunctive relief requiring the Defendants to provide the property equipment for

dangerous work;

D.   That Plaintiff be compensated for his pain and suffering and mental a

E.   Reasonable attorney's fees and costs as to all defendants;

F.    Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

Respectfully submitted,

Sheila F. Campbell
Attorney at Law
P.O. Box 939
North Little Rock, AR  72115
(501)  374-0700(telephone)
(501)  372-5375(fax)
campbl@sbcglobal.net

/s/Sheila F. Campbell
Sheila F. Campbell
Ark. Bar # 83-239



**U.S. Department of Justice**

Federal Bureau of Prisons

*Mid-Atlantic Regional Office*

---

*302 Sentinel Drive, Suite 200*
*Annapolis Junction, MD 20701*

February 10, 2020

Sheila F. Campbell
2510 Percy Machin Drive
North Little Rock, AR 72114
P.O. Box 939
North Little Rock, AR 72115

RE:  Administrative Claim Number TRT-MXR-2020-00895

Dear Claimant:

Your claim, filed on behalf of Richard Clark (Federal Register Number 40379-044), has been considered for administrative settlement under the Federal Tort Claims Act (FTCA), Title 28 U.S.C. § 2672, et seq., and authority granted under 28 C.F.R. § 0.172.  You claim personal liability in the amount of $50,000.00 for a personal injury suffered by Mr. Clark while working at FCI Memphis.  Specifically, you state Mr. Clark injured his hand while operating a drill.  You also claim medical negligence.

The Inmate Accident Compensation program is the exclusive remedy available to inmates who sustain work-related injuries, and inmates may not recover damages under the FTCA for work-related injuries.  See 28 C.F.R. § 301; and FTCA, 28 U.S.C. § 2671, et seq.  Accordingly, the claim is denied.

Further, to the extent that you argue his particular claim is brought in connection with the subsequent negligence of BOP medical providers, rather than his initial work-related injury, numerous courts have recognized that such a claim is still clearly barred.  See, e.g., Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir.1987) ("Section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials."); Vander v. Dep't of Justice, 268 F.3d 661, 664 (9th Cir.2001) (" 'Despite the appellant's allegation that the negligence of the hospital worker occasioned further injuries, for which he seeks damages, he is barred from litigating the matter under the Federal Tort Claims Act since the cause of his original injury was work-related and compensable under 18



EXHIBIT

//1//

U.S.C. § 4126.' ") (quoting *Thompson v. United States,* 495 F.2d 192, 193 (5th Cir.1974) (same)).

If you are not satisfied with our determination in this matter, you may file suit in the appropriate U.S. District Court not later than six months after the date of this letter.

Sincerely,

*R. N. Dab for*

Michael D. Frazier
Regional Counsel
Mid-Atlantic Region

Federal Bureau of Prisons                                                    Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Clark, Richard L. | #40379-044 | Memphis-B | F.C.I. Memphis |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

On or about Tuesday, Sept. 26, 2017., while working in Facilities H.V.A.C., Installing an air conditioning cover with a drill, the drill slipt off the screw and went through my hand glove. The gloves, was not proper gloves under saftey requirments. Because facilities would not supply proper gloves to me. Which could have prevented the drill gofing through my hand.

My left index finger is now completely numb due to nerve damage. I request the proper medical treatment to correct this medical condition

_11-28-17_
DATE

_Richard Clark_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Received

FEB 0 7 2018

Bureau of Prisons
MARO Regional Counsel

Received

JAN 1 9 2018

Bureau of Prisons
MARO Regional Counsel

Received

DEC 11 2017

Bureau of Prisons
MARO Regional Counsel

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _924292-R?_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE. RECIPIE

UPN LVN                          PRINTED ON RECYCLED PAPER

**EXHIBIT**
tabbies
2

BP-230(13)
JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 26, 2018

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : RICHARD L CLARK, 40379-044
      MEMPHIS FCI     UNT: SHELBY     QTR: M04-417U
      1101 JOHN A DENIE ROAD
      MEMPHIS,  TN 38134


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 924292-R4        REGIONAL APPEAL
DATE RECEIVED   : FEBRUARY 7, 2018
SUBJECT 1       : OTHER MEDICAL MATTERS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                THAN ONE INCIDENT REPORT (INCIDENT NUMBER).    YOU MUST
                FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

Regional Director                                    03-10-2018
302 Sentinel Dr., Suite 200
Annapolis JCT, Md. 20701

Richard Clark 40329-044
P.O. Box 34550
Memphis, Tn. 38124

Re: Remedy ID#924292-R4, original Remedy ID# 921228-F1

-Dear Sirs

It was no surprise that my BP10 request for administrative
remedy was again rejected and returned to me. I can't understand
how your office has come up with two different ID numbers, as
my only issue remains the same. I was injured on the job
due to negligence of the BOP, and request proper medical
treatment to repair the nerve damage in my finger, or be
compensated for said damage.

Enclosed, again please find my BP10 request for remedy
that only your office came up with two different numbers for.

Any further questions concerning this issue should be
directed to attorney Sheila Campbell, P.O. Box 939,
N. Little Rock, Ark. 72115, phone # 1-888-314-0707.

Yours truly,
Richard Clark

DISREGARD RECEIPT - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 26, 2018

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : RICHARD L CLARK, 40379-044
      MEMPHIS FCI    UNT: SHELBY    QTR: M04-417U

A RECEIPT MAY HAVE BEEN ISSUED, IN ERROR, FOR THE REGIONAL APPEAL
IDENTIFIED BELOW.  IF YOU HAVE RECEIVED THIS RECEIPT, PLEASE DISREGARD IT.
REMEDY ID        : 924292-R3
DATE RECEIVED    : FEBRUARY 7, 2018
SUBJECT 1        : OTHER MEDICAL MATTERS
SUBJECT 2        :

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 19, 2018

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : RICHARD L CLARK, 40379-044
      MEMPHIS FCI    UNT: SHELBY    QTR: M04-417U
      1101 JOHN A DENIE ROAD
      MEMPHIS,  TN 38134


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 924292-R2      REGIONAL APPEAL
DATE RECEIVED   : JANUARY 19, 2018
SUBJECT 1       : OTHER MEDICAL MATTERS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

Regional Director                                   01-27-2018
302 Sentinel Dr, Suite 200
Annapolis JCT, MD. 20701

Richard Clark #40379-044
P.O. Box 34550, FCI Memphis
Memphis, Tn. 38184

Re: BP 10 Remedy ID #921228-F1

Dear Sirs,
    Enclosed please find all the information
you requested in your rejection notice dated
January 19, 2018.
    All this information would have been sent
the first time had Warden Butts answered my BP 9
in the proper time frame.
    Thank you for your time.

                 Yours truly,
                 Richard Clark

copy: file

FEDERAL CORRECTIONAL INSTITUTION, MEMPHIS, TENNESSEE
PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY
REMEDY 921228-F1


This is in response to your Request for Administrative Remedy
wherein you claim that staff did not provide you with proper
gloves while you were operating an electric drill, resulting in
injury to your hand when the drill bit slipped off of a screw
you were driving into an air conditioning cover.

The Safety Manager has stated that the use of gloves is not
recommended for the operation of an electric drill due to the
safety risks resulting from potential loss of grip on the tool
during operation.  Facilities staff stated that inmates receive
initial job training and staff observe inmates safely operating
power tools prior to entrusting them with their use.  Review of
your accident indicates that you were not using the tool as you
had been trained, resulting in your placement of your hand near
the spinning drill bit prior to sustaining the injury to your
hand.  The Safety Manager has further stated that under the
circumstances of your accident, he is not aware of a glove that
would have prevented your injury.

This response to your Administrative Remedy is for information
purposes.

If you are not satisfied with this response, you may appeal to the
Regional Director at Bureau of Prisons, Mid-Atlantic Regional Office,
302 Sentinel Drive, Suite 200, Annapolis Junction, Maryland  20701.
Your appeal must be received in the Mid-Atlantic Regional Office
within 20 days of this response.



_____                    _____
Myron L. Batts, Warden                        Date

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 11, 2017

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : RICHARD L CLARK, 40379-044
      MEMPHIS FCI     UNT: SHELBY     QTR: M04-417U
      1101 JOHN A DENIE ROAD
      MEMPHIS,  TN 38134


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 924292-R1      REGIONAL APPEAL
DATE RECEIVED  : DECEMBER 11, 2017
SUBJECT 1      : OTHER MEDICAL MATTERS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST PROVIDE MORE SPECIFIC INFORMATION (E.G. CASE NO.)
                ABOUT YOUR REQUEST/APPEAL SO THAT IT MAY BE CONSIDERED.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                AT THIS LEVEL.

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: DECEMBER 1, 2017



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MEMPHIS FCI

TO  : RICHARD L CLARK, 40379-044
      MEMPHIS FCI    UNT: SHELBY    QTR: M04-417U



ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID       : 921228-F1
DATE RECEIVED   : NOVEMBER 9, 2017
RESPONSE DUE    : DECEMBER 19, 2017
SUBJECT 1       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2       :

RECEIPT - ADMINISTRATIVE REMEDY


DATE: DECEMBER 1, 2017



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MEMPHIS FCI

TO  : RICHARD L CLARK, 40379-044
      MEMPHIS FCI    UNT: SHELBY     QTR: M04-417U



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 921228-F1
DATE RECEIVED   : NOVEMBER 9, 2017
RESPONSE DUE    : NOVEMBER 29, 2017
SUBJECT 1       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2       :

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Clark, Richard L.      #40379-044      Memphis-B      F.C.I.-Memphis
_____
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A– INMATE REQUEST

On or about Tuesday, Sept. 26,2017., while working in Facilities
H.V.A.C., Installing an air conditioning cover with a drill, the
drill slipt off the screw and went through my hand-glove. The gloves,
was not proper gloves under safety requirements. Because facilities
would not supply proper gloves to me. Which could have prevented the
drill going through my hand.

11-7-17
_____                    _____
        DATE                                    SIGNATURE OF REQUESTER

Part B– RESPONSE

1-10-18
_____                    _____
        DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

                                              CASE NUMBER: _____

Part C– RECEIPT

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____          ⊘          _____          BP-229(13)
        DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)        APRIL 1982

ATTACHMENT A

10/12/17

FCI/SPC MEMPHIS, TENNESSEE
ATTEMPT AT INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  You are advised that prior to receiving and filing a
Request for Administrative Remedy, BP-229(13), you should attempt to
informally resolve your complaint through your correctional Counselor.
Briefly, state complaint below and list what effort you have made to resolve
your complaint informally.

1.   Informal Resolution Form Issued by: _____

2.   Inmate Name Richard Clark   Number 40379-044  Unit M/B

INMATE'S COMMENTS.  (Inmate COMPLETE Items 2, 3, 4, 5 and 6)

3.   Complaint: On or about Tuesday Sept 26, 2017
While Working in facilities HVAC (Installing) an
air conditioner cover with a Drill the Drill slipt off
the screw and went through my Hand-Glove. The Gloves
was not proper Gloves under saftly requirements Because
facilities would not supply proper Gloves. To me. which
could have prevented the Drill goin through my Hand.

4.   Efforts made to resolve and list staff contacted:
Contacted Supervisor Mrs. Dyson. I was taken to Medical
and transported to the Hospital. My hand has permanent
damage and is not repairable. An accident Report was writt

5.   What remedy are you seeking? For facilities to Issue proper
Protective Gloves when operating Drills and other Hazardous
Equipment. as well as offering a settlement for the
Damage Done to my Hand

6.   Inmate Signature: Richard Clark   Date returned: 10-12-17

7.   COMMENTS: (To be completed by staff only)

Staff response to complaint:

SAMPLE
COPY

8.   Date informally resolved:_____ Date BP-229(13) issued:_____

9.   Signature:_____   _____   _____
         Correctional Counselor         Unit Manager         Date

If complaint is NOT informally resolved, this completed document must be
attached to the BP-229(13) form to the Administrative Remedy Clerk.

**REGIONAL ADMINISTRATIVE REMEDY APPEAL**
**PART B – Response**

**Date Filed: January 3, 2018**          **Remedy ID No.: 921211-R2**

You appeal the Warden's response to your request for administrative remedy.  You claim you injured your hand while working in facilities.  You request to have the nerves repaired.

A review of your medical records indicates you were seen on December 12, 2017, for your chronic car clinic and there is no indication you mentioned your issue regarding your hand.  You will need to utilize sick call to be evaluated by your provider concerning your hand.

Your medical plan of care, developed and implemented by your primary care provider team, is adequate and ongoing.  Your condition has been sufficiently addressed.  You are encouraged to continue to work with your primary care provider team for your health care related issues and concerns.

This response is for informational purposes only.  If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.  Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

JAN 3 1 2018

_____
Date

Angela P. Dunbar
Regional Director
Mid-Atlantic Region

## PLAINTIFF'S CERTIFICATE OF GOOD FAITH

I, Sheila F. Campbell, being duly sworn, hereby state that the facts in the foregoing Affidavit are true and correct to the best of my knowledge, information and belief and I am not acting under impediment that would prevent me from executing the Affidavit.

In compliance with Tenn. Code Ann. § 29-26-122, I hereby state the following:

1.   Plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A)   Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B)   Believe based on the information available from the medical records concerning the care and treatment of the Plaintiff, Richard Clark, there is a good faith basis to maintain the action consistent with the requirement  of § 29-26-115.

2.   I have never been found in violation of T.C.A.  § 29-26-122.

Date:  8/7/2020

Sheila F. Campbell
Ark Bar # 83-23

1



STATE OF ARKANSAS)
                    )SS
COUNTY OF PULASKI)

SUBSCRIBED AND SWORN TO BEFORE ME A NOTARY PUBLIC in the above and foregoing County and State on this 7th day of August, 2020.


_____
NOTARY PUBLIC


**MY COMMISSION EXPIRES:**

LAWRENCE E. JACKSON
MY COMMISSION # 12359503
EXPIRES: January 31, 2028
Pulaski County